

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 5, 2023

**BY ECF**
The Honorable Colleen McMahon
United States District Judge
500 Pearl Street
New York, NY 10007

    Re:    *Knight Institute v. Central Intelligence Agency, et al.*, 22 Civ. 1542 (CM)

Dear Judge McMahon:

    This Office represents the defendant agencies in this Freedom of Information Act (FOIA) case. As proposed in our Monday status letter, ECF No. 53, we write to provide an update on the parties' discussions of the remaining processing in this case.

    **I.**    **Government's processing proposals**

    **DOJ Criminal Division (CRM).** The outstanding records of the Criminal Division consist of three separate groups: (1) approximately 1500 pages of potentially responsive records from unclassified systems that do not require consultation with the FBI; (2) approximately 110 pages of records from unclassified systems that <u>do</u> require FBI consultation; and (3) records originating from classified systems. The government's proposal for processing each set is given below.

    *CRM records from unclassified systems that <u>do not</u> require FBI consultation.*

- By November 1, CRM will process at least 500 potentially responsive pages and produce the responsive, segregable, non-exempt records or portions of records to plaintiff.
- By November 17, CRM will provide an update report to plaintiff's counsel on the status of remaining processing.
- By December 1, CRM will complete processing the remaining records that do not require consultation and produce the responsive, segregable, non-exempt records or portions of records to plaintiff.
- By December 15, CRM will complete processing any records that require consultation with agencies other than FBI.

    *CRM records from unclassified systems that <u>do</u> require FBI consultation.*

- By November 20, FBI will complete its consultation and return the records to CRM.

- By December 15, CRM will complete processing these records and produce the responsive, segregable, non-exempt records or portions of records to plaintiff.

*CRM records from classified systems.*

- By November 17, CRM will complete an initial responsiveness review of these records and will provide at least an approximate volume to plaintiff.
- CRM will also outline the remaining steps for processing these records, and will provide a proposed timeframe for completing all processing. These records may require consultation with other Executive Branch agencies or components.

**DOJ's Office of Information Policy (OIP).** These records were drawn from classified systems. These records are currently undergoing a classification review at the FBI, and some also require consultations with other agencies or components. For these records, the government proposes:

- By December 31, 2023, all Executive Branch entities expect to complete their classification review and FOIA consultations.
- By March 15, 2024, OIP will complete the remainder of its response, including final review by relevant subject matter experts.

**II. Government's position**

After extensive internal discussion within and among the affected components and agencies, the government has concluded that the above dates are the earliest feasible timelines for completing processing. As narrowed by the parties' agreement, plaintiff's FOIA request seeks, among other things, records concerning any actual or contemplated U.S. government use of spyware developed or provided by NSO Group; any policies or guidelines on actual or contemplated U.S. government use of spyware; and any policy or legal memoranda addressing actual or contemplated U.S. government use of spyware. Determining whether certain exemptions apply, including exemption 7(E) (which protects, among other things, law enforcement techniques and procedures whose disclosure could risk circumvention of the law) and exemption 1 (which protects properly classified material), is a time-consuming process that requires consultation with the government personnel familiar with the subject matter, as well as classification authorities. These personnel are not FOIA staff, and have full-time law enforcement and national security responsibilities. In addition, for CRM in particular, a single attorney from CRM's FOIA staff has primary responsibility for processing both the classified and unclassified records.[1] Thus, even if the FOIA request qualified for expedited processing—

---

[1] As noted in the last status report, CRM and FBI paused processing the records located on unclassified systems while FBI worked to resolve a question about potential classification. This review was sensitive and time-consuming, but was ultimately resolved last week, and processing has resumed. The government regrets not notifying the plaintiff earlier about this delay. Nonetheless, the FBI was continuing to work on the issue throughout the relevant time period, and the lack of notice to plaintiff did not change the timeframe for FBI's classification determination.

which applies only when requesters demonstrate a specific "compelling need," which the government does not concede has been shown here—the proposed dates would complete processing "as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(iii).

   To the extent plaintiff seeks a more expedited schedule, and the Court is inclined to entertain that request, the government respectfully suggests that the appropriate procedural step would be for plaintiff to file a motion (including any factual support with regard to its alleged entitlement to expedited processing), which the government could then oppose, including with appropriate declarations. The government is prepared to address these issues expeditiously via letter briefing, and would be prepared to respond to plaintiff's motion within one week (or by October 20, 2023, if plaintiff files its motion by October 13, 2023, as proposed below). In the absence of a factual record, the Court cannot determine whether plaintiff has met its burden to demonstrate entitlement to expedited processing, or if it has, whether plaintiff's proposed timeframe is "practicable,". *See, e.g., Documented NY v. United States Dep't of State*, No. 20 Civ. 1946 (AJN), 2021 WL 4226239, at *3-5 (S.D.N.Y. Sept. 16, 2021) (determining processing rate so that records would be processed "as soon as practicable" based upon factual record). To determine what is "practicable," courts consider, among other things, other expedited FOIA requests the agency is already processing, the volume of requested materials, the demands of agency review, competing obligations of the same agency staffers, and any national security concerns that limit processing speed. *See Elec. Privacy Info. Ctr. ("EPIC") v. DOJ*, 15 F. Supp. 3d 32, 43 (D.D.C. 2014); *see also, e.g., Brennan Ctr. for Justice at New York Univ. Sch. of Law v. United States Dep't of State*, 300 F. Supp. 3d 540, 548 (S.D.N.Y. 2018); *accord Documented*, 2021 WL 4226239 at *2.

   Plaintiff lacks a factual basis to suggest that its proposed nine-week timeframe is practicable. In fact, as government declarations will show, plaintiff's proposal does not account for the specific steps that must be taken to process these particular records, which are both classified and implicate the equities of multiple agencies and components, all of whom have to consulted regarding the applicability of exemptions and whether any non-exempt information can be segregated and released. Because it is not possible to explain on the public record the specific steps necessary to process these records or the reasons that processing will take significant time, the government expects that at least a portion of its factual position will be made on a classified, ex parte basis.

   Plaintiff's citations to cases in which courts have accepted other processing rates for other records do not demonstrate that it would be "practicable" to process these particular classified records in just over two months. Although the decision in *Boundaoui v. Fed. Bureau of Investigation*, No. 17 C 4782, 2020 WL 5658704, at *3 (N.D. Ill. Sept. 23, 2020) mentions both classification and consultations, it does not analyze FOIA's "as soon as practicable" standard, and did not order the government to complete *all* processing—including multiple external consultations—at a rate of 500 pages per month. To the contrary, monthly or bimonthly processing rates typically apply only to a component's processing of records for its *own* equities; to the extent records require external consultation, that requires additional time. Plaintiff's citation to *White v. United States Dep't of Just.*, 16 F.4th 539, 544 (7th Cir. 2021), in fact supports the government's proposal. The *White* court upheld a court's acceptance of a 500-page-month processing rate while observing that such an "incremental-release schedule promotes

Honorable Colleen McMahon                                                                                    Page 4
October 5, 2023

efficiency and fairness by ensuring that the biggest requests do not crowd out smaller ones unless extraordinary circumstances warrant expedited production." *Id*. Here, too, as government declarations will show, the proposed timeframes are necessary to prevent plaintiff's single request—which requires processing sensitive, classified records—from crowding out the many thousands of FOIA requests the FBI and other agencies receive each year.

The government also notes that it is likely that the same government personnel who would prepare declarations and review motion papers would otherwise be working to process plaintiff's request. Thus, to the extent it is necessary to brief the question of processing rates, that will divert resources that would otherwise be devoted to FOIA processing.

### III.     Plaintiff's position

The parties have attempted in good faith to resolve any processing disputes themselves, but the Court's intervention is now required to establish firm deadlines for processing the remaining records. Plaintiff seeks only to ensure that the processing of all remaining records will be completed before the end of the year, nearly two years after the start of this litigation.[2] Specifically, Plaintiff requests that CRM and OIP complete their processing of all remaining records by December 15, 2023.

CRM's and OIP's processing proposals for the small volume of classified records are unreasonable under any standard. CRM has repeatedly refused to propose a processing deadline for the "limited" number of classified records that it had identified by May 31, 2023. ECF No. 48. Though it has had many months to conduct an "initial" responsiveness review of those records, it now proposes to complete that review by November 17, without proposing any deadline for completing the processing of responsive records. OIP proposes a processing deadline of March 15, 2024, for the 200 pages of classified records that should have been under review by the FBI and other Executive Branch equity holders by August 15, 2023. *See* ECF No. 49. That deadline results in a processing rate of approximately thirty-one pages a month. That rate falls far below what agencies have previously proposed and what courts have previously ordered in similar cases. For example, the FBI has attested that its "typical processing rate" in cases including "heavily classified" records requiring "consultations with other agencies during

---

[2] Plaintiff is willing to accept CRM's proposal for processing all remaining non-classified records by December 15, 2023, despite CRM's failure to adhere to a previously agreed-upon deadline and despite the unreasonable amount of time the FBI requests for review of a small subset of those records. CRM had identified approximately 1,500 pages of non-classified, responsive records by May 31, 2023. *See* ECF No. 48. CRM subsequently committed to completing processing of the non-classified records that it had not referred to other components or agencies by September 1, 2023, *see* ECF No. 49. CRM apparently halted processing of those records, however, without informing the Court or Plaintiff (despite Plaintiff's requests for updates). While CRM should have completed processing of those records more than a month ago, Plaintiff is willing to accept CRM's new proposed deadline of December 15. Moreover, the FBI has been reviewing the 110 pages of non-classified records referred by CRM since August, *see* ECF No. 53, and should therefore have completed its review by now. Still, Plaintiff is willing to accept the FBI and CRM's proposal to complete processing of those records by December 15.

processing" is 500 pages per month. *Boundaoui v. Fed. Bureau of Investigation*, No. 17 C 4782, 2020 WL 5658704, at *3 (N.D. Ill. Sept. 23, 2020); *see also id.* at *8 (ordering processing rate of 1,000 pages per month); *White v. U.S. Dep't of Just.*, 16 F.4th 539, 544 (7th Cir. 2021), *cert. dismissed sub nom. White v. Dep't of Just.*, 143 S. Ct. 438 (2022) (approving FBI's 500-pages-per-month processing schedule for *non*-expedited FOIA request).

Regardless of whether or not expedited processing is appropriate in this case—and Plaintiff maintains that it certainly is—Plaintiff's proposed processing deadline of December 15, 2023, is reasonable. Plaintiffs' proposed deadline would require OIP to process records at a rate of only fifty pages per month and, depending on the "limited" number of classified records CRM has to process, would likely require CRM to process records at a rate near or below that. Therefore, Plaintiff does not believe that a separate motion and letter briefing is required to resolve this dispute. Should the Court conclude that they are, however, Plaintiff is prepared to file a motion and accompanying letter brief by October 13.

### IV.   FBI Supplemental Search

Finally, the FBI determined this afternoon, based on its review of the classified records originating at DOJ-OIP, that it will need to conduct a limited supplemental search for responsive records on an additional classified system. The OIP records provided a lead suggesting that additional responsive FBI records may exist on that system that were not previously gathered. FBI is still determining which custodians' records will require a search and precisely how the search will be conducted. The government proposes, and plaintiff agrees, that the government will provide an update to plaintiff on this search in two weeks.

*   *   *

Honorable Colleen McMahon  Page 6
October 5, 2023

We thank the Court for its attention to this matter.

                                                             Respectfully submitted,

                                                             DAMIAN WILLIAMS
                                                             United States Attorney for the
                                                             Southern District of New York

                                                             By: _/s/ Peter Aronoff_
                                                            PETER ARONOFF
                                                            Assistant United States Attorney
                                                            Telephone: (212) 637-2697
                                                            Facsimile: (212) 637-2717
                                                            E-mail: peter.aronoff@usdoj.gov

                                                            *Counsel for defendants*

cc: counsel for Plaintiffs (via ECF)